NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                            :
MILTON HERNANDEZ,                           :    Civil Action No. 12-106 (RBK)
                                            :
            Petitioner,                     :
                                            :    **OPINION**
      vs.                                   :
                                            :
                                            :
DONNA ZICKEFOOSE,                           :
                                            :
            Respondent.                     :
_____         :

**APPEARANCES:**

**MILTON HERNANDEZ**, Petitioner pro se
21885-047
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640

**JOHN ANDREW RUYMANN**, Counsel for Respondent
Office of the U.S. Attorney
402 East State Street
Suite 430
Trenton, N.J. 08608


**KUGLER**, District Judge

　　　　Milton Hernandez ("Petitioner"), an inmate incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, challenging his designation as a member of the MS-13 gang.  This Court will dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to

assert his claim in a properly filed action of the kind authorized by *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).[1]

## I. BACKGROUND

Petitioner is currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. In his petition, he argues that other than testimony from government witnesses at his trial, the record is devoid of any evidence that he is a member of the MS-13 gang, yet the Bureau of Prisons has labeled him as being a member. He argues that designation as a member of MS-13 is harmful to him both in prison and will be harmful to him once released. He requests that the MS-13 gang affiliation be redacted from the record.

## II. DISCUSSION

### A. Jurisdiction

A habeas corpus petition is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, *Muhammad v. Close*, 540 U.S. 749 (2004) and *Edwards v. Balisok*, 520 U.S. 641 (1997). *See also Wilkinson v. Dotson*, 125 S.Ct. 1242 (2005). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. *See, e.g., Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991) and cases cited therein. *See also Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 237 (3d Cir. 2005) (challenge to regulations limiting pre-release transfer to community corrections centers properly brought in habeas); *Macia v. Williamson*, 2007 WL 748663 (3d Cir. 2007) (finding habeas jurisdiction in challenge to

---

[1] This Court has not evaluated the merits of any *Bivens* claim.

disciplinary hearing that resulting in sanctions including loss of good-time credits, disciplinary segregation, and disciplinary transfer).

The Court of Appeals for the Third Circuit has held that habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. *See Coady v. Vaughn*, 251 F.3d 480, 485-86 (3d Cir. 2001) (noting that federal prisoners may challenge the denial of parole under § 2241); *Barden v. Keohane*, 921 F.2d 476, 478-79 (3d Cir. 1990) (challenge to BOP refusal to consider prisoner's request that state prison be designated place for service of federal sentence).

The Court of Appeals has noted, however, that "the precise meaning of 'execution of the sentence' is hazy." *Woodall*, 432 F.3d at 237. To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action. *See Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002). *See also Ganim v. Federal Bureau of Prisons*, 235 F. App'x. 882, 2007 WL 1539942 (3d Cir. 2007) (challenge to garden-variety transfer not cognizable in habeas); *Castillo v. FBOP FCI Fort Dix*, 221 F. App'x. 172, 2007 WL 1031279 (3d Cir. 2007) (habeas is proper vehicle to challenge disciplinary proceeding resulting in loss of good-time credits, but claims regarding sanctioned loss of phone and visitation privileges not cognizable in habeas).

Here, Petitioner's challenge to the gang affiliation contained in his record, does not affect "fact or duration" of his confinement nor does it relate to the execution of his sentence. As such, it is not properly brought in a habeas action. Because Petitioner has not prepaid the $350.00 filing fee, and because of the consequences that flow from a grant of leave to proceed *in forma pauperis* in a civil rights action or from the dismissal of a civil rights action, this Court will not construe this matter as a civil rights complaint. *See* 28 U.S.C. § 1915(g). This Court will dismiss the Petition for lack of jurisdiction, without prejudice to any right Petitioner may have to assert his claim in a

properly filed action of the kind authorized by *Bivens*.   This Court expresses no opinion as to the merits of Petitioner's claim.

## B. "Actual Innocence"

Though it is not entirely clear, to the extent Petitioner argues that he is "actually innocent" of being a member of MS-13 and as such, jurisdiction under § 2241 is proper, that claim must also fail.

Typically, collateral challenges to a conviction or sentence are brought before the sentencing court, and not the district of confinement.   As noted by the United States Court of Appeals for the Third Circuit in *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997), § 2255 has been the "usual avenue" or presumptive means for federal prisoners seeking to challenge the validity of their conviction or sentence.   *See also Davis v. United States*, 417 U.S. 333, 343 (1974); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *McCullough v. U.S.*, 2012 WL 4903046 (3d Cir. Oct. 17, 2012).   Thus, a habeas petitioner can seek relief under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, often referred to as the "savings clause."   *See* 28 U.S.C. § 2255; *Davis*, 417 U.S. at 343; *Okereke*, 307 F.3d at 120; *Dorsainvil*, 119 F.3d at 249–51.   A motion under § 2255 is not "inadequate or ineffective" merely because the petitioner cannot meet the stringent gatekeeping requirements of § 2255, *Okereke*, 307 F.3d at 120, or because the sentencing court does not grant relief.   *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538–39 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000).   *See also United States v. McKeithan*, 437 F. App'x. 148, 150 (3d Cir. 2011); *Marmolejos v. Holder*, 358 F. Appx. 289, 290 (3d Cir. 2009).

The savings clause or "safety valve" provided under § 2255 is extremely narrow, however, and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. *See Okereke*, 307 F.3d at 120 (citing *Dorsainvil*, 119 F.3d at 251). The Third Circuit has further explained that § 2255 is inadequate or ineffective to test the legality of a conviction when: "(1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate keeping provisions of § 2255 because the new rule is not one of constitutional law." *Trenkler v. Pugh*, 83 F. App'x. 468, 470 (3d Cir. 2003) (quoting *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)); *Dorsainvil*, 119 F.3d at 251 (remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241, where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate").

Thus, as recognized by the Third Circuit in *Dorsainvil*, a prisoner can pursue habeas relief under the savings clause of § 2255 when a subsequent statutory interpretation reveals that a prisoner's conduct for which he was convicted is no longer considered criminal, so as to avoid a complete miscarriage of justice. *Id.*, 119 F.3d at 251–52; *Okereke*, 307 F.3d at 120–21; *Adderly v. Zickefoose*, 459 F. App'x. 73 (3d Cir. 2012). In other words, this Court would have jurisdiction over Petitioner's action if, and only if, Petitioner demonstrates (1) his "actual innocence" (2) as a

5

result of a retroactive change in substantive law that negates the criminality of his conduct (3) for which he had no other opportunity to seek judicial review.  119 F.3d at 251–52; *see also Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539.

Here, it appears that Petitioner is claiming "actual innocence" to invoke jurisdiction under § 2241. This claim fails to warrant habeas relief.  It does not appear that Petitioner was convicted of any crimes, or his sentence enhanced in any way, due to a gang affiliation.  Rather, he was convicted of seven charges of conspiracy to distribute and distribution of methamphetamine and crack cocaine and sentenced at the bottom of the range for those crimes.  *U.S. v. Hernandez*, 569 F.3d 893, 895 (8th Cir. 2009).  As such, there is no crime for which he was convicted that Petitioner now claims to be "actually innocent" of committing.  He is only claiming to be "actually innocent" of references to gang affiliation which occurred during his trial.  Moreover, Petitioner had a previous opportunity to challenge the references to gang affiliation which occurred during his trial, since the occurrence of said references were readily apparent and available for judicial review (1) at the time sentence was imposed, (2) on direct appeal, and (3) on subsequent collateral review under § 2255.

As such, to the extent Petitioner intended to invoke § 2241 jurisdiction before this Court because circumstances render § 2255 an inadequate or ineffective remedy, that argument fails and the Petition must be dismissed for lack of jurisdiction. [2]

---

[2] To the extent the Court is reclassifying the petition as a § 2255 motion, no *Miller* notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds, because it is Petitioner's second motion under § 2255. The purpose of the Third Circuit's decision in *United States v. Miller*, 197 F.3d 644 (3d Cir.1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the *Miller*

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  This Court finds that it would not be in the interests of justice to transfer this Petition to the United States Court of Appeals for the Eighth Circuit because Petitioner has already raised the issue regarding references to gang affiliation in his first § 2255 petition.  Moreover, as discussed above, Petitioner is not claiming "actual innocence" of any of the crimes for which he was convicted.

### III. CONCLUSION

For the reasons stated above, the petition is hereby dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

Dated:   January 30, 2013

s/Robert B. Kugler<br>
ROBERT B. KUGLER<br>
United States District Judge

---

court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. As this is Petitioner's second § 2255 motion, no purpose would be served by a *Miller* notice.